# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2019

Lyle W. Cayce
Clerk

No. 17-60094

COLONY INSURANCE COMPANY,

Plaintiff - Appellant

v.

FIRST SPECIALTY INSURANCE CORPORATION,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CV-191

Before WIENER, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Colony Insurance Company ("Colony") appealed the district court's grant of summary judgment in favor of First Specialty Insurance Corporation ("First Specialty"). After hearing oral argument from the parties, we certified two questions to the Mississippi Supreme Court regarding Mississippi's voluntary-payment doctrine. The Mississippi Supreme Court having now provided its answer, we conclude Colony's claims of equitable subrogation and implied

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60094

indemnity are foreclosed. We therefore affirm the district court's judgment in favor of First Specialty.

I.

Because we previously recited the relevant facts in our opinion certifying questions to the Mississippi Supreme Court, *Colony Ins. Co. v. First Specialty Ins. Corp.*, 726 F. App'x 992 (5th Cir. 2018), we provide a shorter recitation here.

This case arises out of an explosion that occurred at an Omega Protein Corporation ("Omega") facility in July 2014. The explosion killed Jerry Lee Taylor, II, an employee of Accu-Fab & Construction, Inc. ("Accu-Fab"). At the time of the incident, Omega had two insurance policies—a primary policy with Ace American Insurance Company ("AAIC") for $1 million, and a secondary policy with First Specialty that provided $10 million in excess coverage. Colony's insurance policy did not list Omega as an insured; rather, Accu-Fab was the named-insured with a policy limit of $1 million. However, the Colony Policy also contained an "Additional Insured" endorsement which covered "all persons or organizations as required by written contract with" Accu-Fab. This endorsement only applied with respect to an injury "caused, in whole or in part, by" Accu-Fab's acts or omissions or "the acts or omissions of those acting on [Accu-Fab's] behalf."

In March 2015, Omega demanded that Accu-Fab and Colony "defend and fully indemnify" it from any personal injury and/or wrongful death claims it might receive based on the July 2014 explosion. Colony agreed to investigate the explosion, but fully reserved its rights to disclaim coverage should it determine that Omega was not an "additional insured" or that the incident was precluded under a pollution exclusion. In April 2015, Colony filed a declaratory judgment action in Mississippi state court seeking a judgment that its policy did not cover any damages or injuries stemming from the July 2014 explosion.

No. 17-60094

Several months later in September 2015, Taylor's estate brought a wrongful death action against Omega. Omega requested that Colony assume its defense and Colony agreed, again "subject to a full and complete reservation of Colony's rights." In fact, Colony later sent a letter to Omega's counsel reiterating its position that its policy insuring Accu-Fab provides no "coverage whatsoever for the unfortunate incident which occurred at the Omega [] facility." Colony further stated it would consider any settlement demand in the Taylor action, but that such a demand would "be reviewed in light of the insurance coverage issue which is currently the subject of Colony's declaratory judgment action."

A settlement conference was set for January 2016, which, according to First Specialty, "present[ed] an excellent but limited opportunity to settle [the Taylor] claim for $2 million or less." Consequently, First Specialty "request[ed] Colony be prepared to tender its limits to settle the Taylor claim" to avoid "substantial unnecessary losses" to Omega, AAIC, and itself. At the settlement conference, Colony agreed to pay its $1 million policy limit in exchange for Omega's "full and complete release" from the Taylor lawsuit. AAIC also settled for its policy limits. Colony then demanded reimbursement from First Specialty for the $1 million it paid in excess of AAIC's policy. When First Specialty refused, Colony filed the instant action against First Specialty.

II.

In the case at bar, Colony alleged it was entitled to recover its costs in settling and defending the Taylor lawsuit on the basis of equitable subrogation and implied indemnity. Both Colony and First Specialty filed motions for summary judgment and the district court found in favor of First Specialty. Noting that Colony's position had always been that it did not insure Omega, the district court concluded Colony was a "voluntary payor" who could not "recover for payments made on behalf of a defendant that it did not even insure simply because it feared that the defendant might be an additional insured

3

under its policy." The district court concluded that virtually the same reasoning defeated Colony's implied indemnity claim.

Colony appealed, and we certified the following question to the Mississippi Supreme Court: "Does an insurer act under 'compulsion' if it takes the legal position that an entity purporting to be its insured is not covered by its policy, but nonetheless pays a settlement demand in good faith to avoid potentially greater liability that could arise from a future coverage determination?"[1] *See Colony Ins.*, 726 F. App'x at 995–96. The Mississippi Supreme Court answered the question in the negative. *Colony Ins. Co. v. First Specialty Ins. Corp.*, 262 So.3d 1128, 1135 (Miss. 2019). After reviewing Colony's position that Omega was not an "additional insured" and that the July 2014 explosion was not covered under Colony's policy, the court determined, in words quite similar to the district court, that "Colony's fear that Omega *might* be an additional insured under its policy does not amount to compulsion." *Id.* at 1133. Observing that the court had previously held that "a threat to sue is not considered compulsion," the court declined "to adopt Colony's argument that a payment is not voluntary if the payor is acting under compulsion to protect its own interests." *Id.* at 1134. The court further noted "Colony was not under an immediate and urgent necessity to pay the settlement demand" given the pending nature of Colony's declaratory judgment action, as well as the early stage of the Taylor lawsuit. *Id.* Ultimately, the court found that "[t]he critical distinction in this case is that if Colony continually maintained that it was not Omega's insure[r], Colony did not act out of compulsion when it

---

[1] We certified a second question to the Mississippi Supreme Court, but the court declined to answer it, finding the answer to its first question dispositive. *See Colony Ins.*, 726 F. App'x at 996; *Colony Ins. Co. v. First Specialty Ins. Corp.*, 262 So.3d 1128, 1135 (Miss. 2019) ("Because the first certified question is dispositive, we decline to address the second certified question.").

No. 17-60094

negotiated the settlement," especially when it "failed to pursue its legal remedies." *Id.* at 1135.

## IV.

We agree that the Mississippi Supreme Court's answer to our first certified question is dispositive of this case. However, in supplemental post-certification briefing, Colony contends the Mississippi Supreme Court overreached factually by ignoring that Colony had already assumed Omega's defense of the Taylor action and therefore became obligated to act in the best interest of Omega until the coverage issue was resolved. Colony also claims the court disregarded the fact that it was presented with a settlement offer prior to the state court ruling on its declaratory judgment action and that refusing to settle at that time could have led to an even larger judgment against Omega. We disagree. The Mississippi Supreme Court expressly considered these facts and still held that the settlement lacked compulsion, observing that "Colony had the option to pursue its declaratory-judgment action before it paid the Taylor settlement." *Id.* at 1134.

## V.

Given the foregoing, we conclude the district court properly granted summary judgment in favor of First Specialty on Colony's claims. We AFFIRM.